UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR FADAYEL,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>    Defendant. | Case No. 24-cv-03679-HSG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Pending before the Court is Plaintiff Victor Fadayel's motion to remand, Dkt. No. 12. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

I.  **BACKGROUND**

Plaintiff initially brought this case in San Mateo County Superior Court against Defendant Home Depot U.S.A, Inc., and various unidentified Doe defendants. *See* Dkt. No. 1, Ex. A ("Compl.") ¶ 6. The complaint describes the Doe defendants as both "agents or employees of the other named defendants" and "persons whose capacities are unknown to plaintiff." *See id*. Plaintiff alleges that in March 2024 he was severely injured when heavy materials on a platform flatbed cart fell onto him while he was shopping at a Home Depot store in Colma, California. *See id.* at 8. Plaintiff claims the cart "was loaded and operated by Defendants and Defendants Employees," and that Defendants failed to "provide adequate assistance while loading Plaintiff's shopping cart" and "while checking out and exiting the store." *See id.* He also alleges that Defendants failed to adequately train staff and safely load the cart. *See id.* Based on this incident, Plaintiff brings claims for negligence and premises liability. *See id.* at 8–9.

Defendant removed this action in June 2024 on the basis of diversity jurisdiction, as

1  Defendant is incorporated in Delaware and its principal place of business is in Atlanta, Georgia,
2  and Plaintiff is a resident of California. *See* Dkt. No. 1 at ¶¶ 5–6. Plaintiff now moves to remand
3  the case back to state court. Dkt. No. 12.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

## III. DISCUSSION

Plaintiff argues that remand is required because his inclusion of the Doe defendants defeats complete diversity of citizenship among the parties. *See* Dkt. No. 12 at 3. Plaintiff argues that because he "specifically pled that the Doe defendants were the managers and staff of the Home Depot store, specifically located in Colma, California," it is "reasonable to conclude" that the Doe defendants are domiciled in California and thus complete diversity does not exist. *See id.* at 5.

The Court is not persuaded by this argument. The removal statute explicitly states that in determining whether a case is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Ninth Circuit has further explained that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant *only if and when the plaintiff seeks leave to substitute a named defendant*." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (emphasis added). Plaintiff has not sought such leave, and in fact, suggests that he cannot do so because he

still does not know the identity of the Doe defendants. *See* Dkt. No. 12 at 5. Under these circumstances, diversity jurisdiction exists, and there is no basis for remand, as several other courts in this district have found. *See Bisagno v. Home Depot U.S.A., Inc*., No. 24-CV-04414-HSG, 2024 WL 4733511, at *2 (N.D. Cal. Oct. 29, 2024) (collecting cases).

Plaintiff cites a handful of other cases in which district courts have considered the citizenship of non-diverse Doe defendants when the plaintiff has provided a "definite clue" about the Doe defendants' identities. *See* Dkt. No. 12 at 3 (citing *Collins v. Garfield Beach CVS, LLC*, No. CV 17–3375 FMO (GJSX), 2017 WL 2734708 (C.D. Cal. June 26, 2017) and *Sandoval v. Republic Servs., Inc.*, No. 218CV01224ODWKSX, 2018 WL 1989528 (C.D. Cal. Apr. 24, 2018)). However, this Court respectfully disagrees, because in its view this approach is inconsistent with the plain language of § 1441(b)(1) and binding Ninth Circuit authority. As another court in this district has noted, the proper time for addressing this issue will be if and when Plaintiff tries to join one or more of these defendants once they are actually identified. *See Valdez v. Home Depot U.S.A., Inc.*, 2022 WL 4137691 at *4 (N.D. Cal. August 25, 2022).

## IV.   CONCLUSION

The Court **DENIES** the motion to remand, Dkt. No. 12. The Court further **SETS** a case management conference on December 3, 2024, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further **DIRECTED** to file a joint case management statement by November 26, 2024.

**IT IS SO ORDERED.**

Dated: November 15, 2024

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge